IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTRADE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.  4:13-CV-01710 HEA |
| VARIANT HOLDINGS, LLC, VARIANT, INC., AND STEPHEN C. WREN, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT VARIANT HOLDINGS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR COMPEL ARBITRATION**

Defendant Variant Holdings, LLC ("Variant Holdings") hereby moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), or in the alternative, to compel arbitration pursuant to 9 U.S.C. § 4.  In support of its Motion, Defendant states as follows:

1. Plaintiff brings this action alleging that Defendant Variant Holdings, LLC breached the License Agreement entered into by the parties (Count I), and that Defendants Variant, Inc. and Stephen Wren tortiously interfered with the License Agreement at issue (Count II).

2. Plaintiff's claim for breach of contract (Count I) is made only against Defendant Variant Holdings, and Variant Holdings files this motion to dismiss such claim.

3. Plaintiff claims that Defendant Variant Holdings was in violation of the License Agreement for Variant's failure to perform various duties and obligations under the agreement, yet Plaintiff fails to disclose to the Court that the License

Agreement also contained a "Mediation and Arbitration" clause. (Plaintiff's Complaint, Exhibit B, ¶18).

4. Because there is a valid and enforceable arbitration agreement, this matter is not properly before this Court, and Plaintiff's claim for breach of contract should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, this Court should compel arbitration pursuant to 9 U.S.C. § 4.

5. Plaintiff's claim for breach of contract against Variant Holdings should be dismissed because the parties agreed to submit questions of arbitrability to an arbitrator when they incorporated American Arbitration Association Rules and conditions precedent into the arbitration provision.

6. In agreeing to submit the matter to arbitration under the rules of the American Arbitration Association, the parties unmistakably expressed their intent to allow an arbitrator determine threshold questions of arbitrability.

7. The question of whether conditions precedent to an obligation to arbitrate have been met is also a question of procedure for an arbitrator to decide.

8. Should the Court determine that it has jurisdiction over this matter, this Court should compel arbitration pursuant to 9 U.S.C. § 4.

9. Plaintiff should be compelled to arbitrate, because the arbitration agreement is governed by the Federal Arbitration Act, and the parties agreed to submit disputes arising under the License Agreement to arbitration.

10. The FAA is applicable here, because the parties did not invoke state arbitration law over federal law, and the arbitration agreement is in writing and involves commerce.

11. This Court should compel arbitration pursuant to the FAA, because a valid agreement to arbitrate exists and the dispute at issue—breach of contract—falls within the scope of the parties' agreement, which encompasses "*any dispute*" arising under the License Agreement.

12. Accordingly, Defendant Variant Holdings requests that the Court dismiss this action as to them pursuant to Federal Rules of Civil Procedure 12(b)(1), or in the alternative, to compel arbitration pursuant to 9 U.S.C. § 4.

The above-referenced grounds for this motion are further set forth in the accompanying memorandum, which is incorporated herein by reference.

WHEREFORE, Defendant Variant Holdings requests that the Court dismiss this action as to them pursuant to Federal Rules of Civil Procedure 12(b)(1), or in the alternative, to compel arbitration pursuant to 9 U.S.C. § 4, award movants their costs in defending this action, including reasonable attorney's fees, and grant such other and further relief as the Court may deem just and proper.

Dated:  November 6, 2013                    Respectfully submitted,


/s/  Bridget L. Halquist
Bridget L. Halquist, 50317MO
CHACKES CARLSON & HALQUIST, LLP
906 Olive Street, Suite 200
St. Louis, Missouri 63101
Tel:  (314) 880-4472
Fax:  (314) 872-7017
bhalquist@cch-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby that on November 6, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon the following:

Thomas E. Douglass
John S. Kingston
One US Bank Plaza
St. Louis, Missouri 63101
tdouglass@thompsoncoburn.com
jkingston@thompsoncoburn.com

**ATTORNEYS FOR PLAINTIFF**

I also hereby certify that on November 6, 2013, the foregoing was mailed by United States Mail to any non-participants in Electronic Case Filing.

/s/  Bridget L. Halquist