IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTRADE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.  4:13-CV-01710 HEA ) |
| VARIANT HOLDINGS, LLC, VARIANT, INC., AND STEPHEN C. WREN, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Variant Holdings, LLC, Variant, Inc., and Stephen C. Wren hereby move the Court to stay discovery pending the outcome of dispositive motions pursuant to Federal Rules of Civil Procedure 26(c).  In support of its Motion, Defendant states as follows:

1. Plaintiff brings this action alleging that Defendant Variant Holdings, LLC breached the License Agreement entered into by the parties (Count I), and that Defendants Variant, Inc. and Stephen Wren tortiously interfered with the License Agreement at issue (Count II).

2. Plaintiff seeks damages it claims would have received had it been a party to Defendants' lawsuits against various third-party infringers of the patents that were licensed to a joint venture formed by Plaintiff and Defendants as part of the agreement.

3. Defendant Variant Holdings, LLC has already filed a Motion to Dismiss Plaitniff's Complaint or Compel Arbitration, and Defendant Variant, Inc. and Stephen Wren

   intend to file a separate motion to dismiss with this Court, thus, dispositive motions are pending.

4. The parties have not yet conferenced regarding the timing and planning for discovery pursuant to Federal Rule of Civil Procedure 26(f), yet Plaintiff has begun serving serving subpoenas to third-parties, commanding documents and evidence relating to the third-parties' legal disputes with Defendants.

5. Defendants move this Court to enter an Order protecting Defendants from Plaintiff's heavy-handed attempts at third-party discovery because (1) Plaintiff's third-party discovery violates Fed. R. Civ. P. 26(d)(1); and (2) it is appropriate to stay discovery pending the resolution of dispositive motions.

6. This Court should enter an Order protecting Defendants from Plaintiff's premature third-party discovery, which is in violation of Fed. R. Civ. P. 26(d)(1).

7. As of the date of this filing, thirteen known subpoenas have been served upon third-parties.

8. Attempts have been made to resolve this discovery dispute, but discussions failed.

9. Notwithstanding Plaintiff's violations of Rule 26(d)(1), Plaintiff should be precluded from conducting discovery during the pendency of Defendants' motions to dismiss, because it is appropriate to stay discovery pending resolution of a dispositive motion and a district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.

10. Staying this case until the outcome of Defendants' motions to dismiss will maintain the status quo of the parties, eliminate unnecessary expense, and allow the Court to

determine whether Plaintiff's Complaint is one that can survive the Defendant's motions and entitle Plaintiff to the discovery it seeks.

11. In the absence of a stay, Defendants will be forced to continue to chase Plaintiff's third-party subpoenas served upon various infringers around the country during the pendency of its dispositive motions, yet Plaintiffs can articulate no discernible prejudice to it should a stay be ordered

12. A stay of discovery in this case is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.

WHEREFORE, Defendant Variant Holdings requests that the Court, under the general prohibitions of Rule 26(d)(1) and this Court's inherent powers under Rule 26(c), enter an Order protecting Defendants from Plaintiff's premature third-party discovery, award movants their costs in defending this action, including reasonable attorney's fees, and grant such other and further relief as the Court may deem just and proper.

Dated:  November 7, 2013                    Respectfully submitted,

/s/  Bridget L. Halquist
Bridget L. Halquist, 50317MO
CHACKES CARLSON & HALQUIST, LLP
906 Olive Street, Suite 200
St. Louis, Missouri 63101
Tel:  (314) 880-4472
Fax:  (314) 872-7017
bhalquist@cch-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

 I hereby that on November 7, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon the following:

 Thomas E. Douglass
 John S. Kingston
 One US Bank Plaza
 St. Louis, Missouri 63101
 tdouglass@thompsoncoburn.com
 jkingston@thompsoncoburn.com

 **ATTORNEYS FOR PLAINTIFF**


 I also hereby certify that on November 7, 2013, the foregoing was mailed by United States Mail to any non-participants in Electronic Case Filing.


        /s/  Bridget L. Halquist