## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTRADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:13-CV-01710 HEA |
| | ) | |
| VARIANT HOLDINGS, LLC, | ) | |
| VARIANT, INC., AND | ) | |
| STEPHEN C. WREN, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS VARIANT, INC. AND STEPHEN C. WREN'S
### MOTION TO DISMISS OR COMPEL ARBITRATION

Defendants Variant, Inc. and Stephen Wren hereby move the Court to dismiss Plaintiff's Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to compel arbitration pursuant to 9 U.S.C. § 4.  In support of their Motion, Defendants state as follows:

1. Plaintiff brings this action alleging that Defendant Variant Holdings, LLC breached the License Agreement entered into by the parties (Count I), and that Defendants Variant, Inc. and Stephen Wren tortiously interfered with the License Agreement at issue (Count II).

2. Defendant Variant Holdings, LLC moves to dismiss Plaintiff's claims against it in a separate motion.  [Doc. 11].

3. Plaintiff claims that Stephen Wren, as the only known owner, officer, or employee of Variant Holdings, LLC, created Variant, Inc. in order to avoid his contractual

obligations under the Licensing Agreement between Plaintiff and Variant Holdings, LLC, and in doing so, intentionally interfered with the agreement.

4. Plaintiff's claim against Defendants should be dismissed under Rule 12(b)(6) for failure to state a claim, because an action for tortious interference will not lie against a party to the relationship with which interference is alleged.

5. Plaintiff has failed to allege sufficient facts to show that Defendants Variant, Inc. and Stephen Wren are third parties for purposes of a claim of tortious interference under Missouri law.

6. In the alternative, Plaintiff should be compelled to arbitrate its claim of tortious interference against Variant, Inc. and Stephen Wren, because such a claim falls comfortably within the scope of the arbitration provision of the License Agreement.

7. Plaintiff's claims are so intertwined with the agreement containing the arbitration clause that it would be unfair to allow Plaintiff to rely on the agreement in formulating its claims but to disavow availability of the arbitration clause of that same agreement.

8. The nature of Defendants' alleged misconduct and the connection to the contract demonstrates the requisite relationships between persons, wrongs, and issues necessary to compel arbitration.

9. Moreover, the broad language of  the arbitration clause contained in the Licensing Agreement is construed to include tort claims arising from the contractual relationship.

WHEREFORE, Defendants Variant, Inc. and Stephen Wren request that the Court

dismiss this action as to them pursuant to Federal Rules of Civil Procedure 12(b)(6), or in

the alternative, to compel arbitration pursuant to 9 U.S.C. § 4, award movants their costs in

defending this action, including reasonable attorney's fees, and grant such other and further

relief as the Court may deem just and proper.

Dated:  November 12, 2013                    Respectfully submitted,


/s/  Bridget L. Halquist
Bridget L. Halquist, #50317MO
CHACKES CARLSON & HALQUIST, LLP
906 Olive Street, Suite 200
St. Louis, Missouri 63101
Tel:  (314) 880-4472
Fax:  (314) 872-7017
bhalquist@cch-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon the following:

Thomas E. Douglass
John S. Kingston
One US Bank Plaza
St. Louis, Missouri 63101
tdouglass@thompsoncoburn.com
jkingston@thompsoncoburn.com

**ATTORNEYS FOR PLAINTIFF**

I also hereby certify that on November 12, 2013, the foregoing was mailed by United States Mail to any non-participants in Electronic Case Filing.

/s/  Bridget L. Halquist