UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTRADE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-01710-HEA |
| ) | |
| VARIANT HOLDINGS, LLC, ) | |
| VARIANT, INC. and STEPHEN C. WREN, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

This Court should deny Defendant's motion to stay discovery because (1) Defendants have already agreed to permit third-party discovery to proceed immediately, which was a condition of Plaintiff's consent to a 45-day extension of Defendants' deadline for responding to Plaintiff's Complaint, (2) third-party discovery places no burden on Defendants, and (3) Defendants' motions to dismiss provide no basis for prohibiting routine federal discovery. This lawsuit is the product of Defendants' fraudulent efforts to circumvent a binding arbitration decision and deprive Scottrade of the benefits of a contract under which Scottrade paid Defendant Stephen Wren personally hundreds of thousands of dollars. Scottrade believes Defendant Stephen Wren is attempting to hide millions of dollars that he owes to Scottrade. Defendants' motion to stay third party discovery is a transparent effort to impair Scottrade's efforts to track that money down. The motion is without merit and should be denied.

**Background**

In November 2000, Scottrade and Variant Holdings, LLC ("Variant Holdings") entered into a license agreement whereby they agreed to form a joint venture partnership to develop and

exploit patent rights related to "a system for electronically communicating between remote facilities and for facilitating transactions between central and remote facilities." Although the parties' agreed to jointly fund the development of those patent rights, Scottrade contributed in excess of $700,000 and Variant Holdings contributed nothing. As it became apparent that the patent rights the parties were jointly developing might indeed have significant value, Variant Holdings—through its owner and sole officer Stephen Wren—tried to "take the money and run."

Trying to avoid its contractual obligations to Scottrade, Variant Holdings initiated arbitration with the American Arbitration Association (AAA) seeking to terminate the Partnership formed under the license agreement. In a binding decision, the arbitrator rejected Variant Holdings' claim, finding that "each party retains all of its rights under the License Agreement," and that each party had an obligation to fund 50% of the joint enterprise.

Unable to undo its contract with Scottrade through arbitration, Scottrade believes, Variant Holdings tried to circumvent the contract through fraud. Unbeknownst to Scottrade, Stephen Wren formed another corporation, Variant, Inc., and caused Variant Holdings to convey the subject patent rights to that corporation. Variant, Inc. then sued dozens of other entities for patent infringement and, Scottrade believes, collected millions of dollars. Scottrade believes Mr. Wren is seeking to hide those millions or to transfer those funds to an off-shore entity in Nevis.

With Defendants' consent, Scottrade has started conducting third party discovery to determine how much Mr. Wren has collected and where the money has gone. Defendants' efforts to halt that third party discovery—which is costing Defendants no time and no money—are part of Mr. Wren's efforts to hide the money he wrongfully secured using patent rights that Scottrade paid more than $700,000 to develop.

# ARGUMENT

## I.     Standard of Review.

Motions to stay are disfavored because delay and prolonging of discovery can impede the district court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.  *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Here, Defendants' have already waived any claim that discovery should not proceed by representing to this Court that Scottrade consented to an extension of time for their response after Scottrade unequivocally conditioned its consent on the immediate beginning of third party discovery.

Even ignoring Defendants' consent to proceed with third party discovery, analysis of the applicable factors mandates the denial of Defendants' motion.  In ruling on a motion to stay discovery, the courts consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Gomez v. Kroll Factual Data, Inc.*, No. 13-CV-00445-WJM-KMT, 2013 WL 1751376, at *2  (D. Colo. Apr. 23, 2013).  Not one of these factors suggests discovery should be stayed.

## II.    Defendants have unequivocally consented to third party discovery starting "right away."

It is well established that "the parties may consent to early discovery."  *See, e.g.*, *Glen v. The Equitable Life Assurance Society of the U.S.*, No. 04-CV-1416-PJM, 2004 WL 2632653 (D. Md. Sept. 1, 2004) ("**The parties may consent to early discovery.**") (citing Fed. R. Civ. Proc. 26(d)(1)); *Keller v. Edwards*, 206 F.R.D. 412, 414 (D. Md. 2002) (same).

Defendants' counsel unequivocally consented to immediate engagement in discovery directed to third parties.  As memorialized in the text message exchange between counsels for

- 3 -

Defendants and Scottrade attached as Exhibit 3 to Defendants' Memorandum in Support of Their Motion to Stay Discovery, Scottrade made the immediate commencement of third party discovery a condition to an extension of time requested by defendants' counsel on October 5, 2013:

> [Ms. Halquist]: I was hoping for a consent motion for an extension of time in exchange for waiver of service on the foreign co.  Can you do 45 days?
>
> [Mr. Kingston]: Yes because it is you.  **But only if we can start third party discovery right away.**

[Doc. No. 14-3, at p. 8] (emphasis added).   On October 7th, Defendants accepted Scottrade's condition by representing to this Court that Scottrade had consented to their requested 45 day extension of time.  Defendants' suggestion that "if we can start third party discovery right away" means anything other than "if we can start third party discovery right away," is not credible.

Moreover, to the extent that Defendants contend Federal Rule 26(d)(1) is somehow an impediment to third party discovery despite their consent, the obvious solution is for the parties to conduct a Rule 26(f) conference, which would unquestionably cost both parties' less money and consume fewer judicial resources.[1]

**III.    Not one factor weighs in favor of granting Defendants' motion to stay.**

Of the factors governing a decision on a motion to stay, not one supports Defendants' requested relief.  First, Plaintiff has a strong interest in proceeding expeditiously and would be severely prejudiced by any delay.  Plaintiff is trying to locate millions of dollars that Mr. Wren wrongfully obtained in violation of his company's contract with Scottrade.  *Accord Gomez*, 2013 WL 1751376, at *2.  The longer the delay, the more difficult it will be for Scottrade to locate

---

[1] Scottrade's counsel has contacted counsel for the Defendants' in an effort to schedule the Rule 26(f) conference.

those payments. Defendants' argue that "the third party infringers aren't going anywhere." But Scottrade is seeking to recover millions of dollars of wrongfully diverted payments from Defendants–not from any third parties. Given his history, Scottrade believes there is a very real risk that Mr. Wren might continue to move those millions beyond the reach of this, or any other, United States Court.

Second, there is no burden on Defendants. *See id.* The discovery that Scottrade is conducting pursuant to Defendants' consent is third party discovery. Defendants are entitled to receive, and will receive, copies of all documents produced to Scottrade in compliance with any third-party subpoena. Defendants have not identified a single decision where a court entered a stay based on a party's claim that third party discovery was too burdensome.

Third and fourth, a stay would do nothing to further the convenience of the court or the interests of persons not parties to the civil litigation. *See id.* None of the subpoenaed parties have objected to Scottrade's production request. There are no disputes to adjudicate related to those subpoenas. Neither the court nor the non-parties that are the subject of the subpoenas will be inconvenienced in the slightest if third party discovery continues.

Finally, the public interest is served by avoiding and deterring unjust conduct such as that attempted by Mr. Wren through his various Variant entities. *See id.* ("Indeed, the public interest favors the prompt and efficient handling of all litigation."). Giving Mr. Wren more time to hide his ill-gotten gains cannot possibly serve the public interest.

Because there is not one factor supporting Defendants' stay request, this Court should deny Defendants' motion to stay.

**IV.    Defendant's other pending motions provide no basis for a stay.**

The mere pendency of a motion to dismiss provides no basis for Defendants' request that this Court to prevent ongoing, critical discovery.  In *Gomez v. Kroll Factual Data, Inc.*, the defendant filed a motion to stay discovery pending resolution of its motion to dismiss the plaintiff's amended complaint.  No. 13-CV-00445-WJM-KMT, 2013 WL 1751376 (D. Colo. Apr. 23, 2013).  After acknowledging the plaintiff's interest in proceeding expeditiously with the litigation, the district court was unconvinced that the defendant would face a significant burden by proceeding with discovery.  *Id.* at *2.  Because the defendant "simply move[d] to dismiss Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6)," the district court concluded that "[g]ranting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss."  *Id.*  The district court rejected this potential burden on its resources, stating it "would also make the court's docket thoroughly unpredictable and, hence, unmanageable."  *Id.*

Equally important is the potential harm resulting from a delay in discovery.  In *Ave Maria Univ. v. Sebelius*, the district court denied the defendant's motion to stay discovery pending resolution of its motion to dismiss.  No. 2:12-CV-88-FTM-99SPC, 2012 WL 3128015, at *1 (M.D. Fla. July 31, 2012).  The *Ave Maria University* court found that "the potential 'harm produced by a delay in discovery' outweighs 'the possibility that the motion will be granted and entirely eliminate the need for such discovery.'"  *Id.*  This is precisely the case in this matter, as the potential harm to Scottrade significantly outweighs any possibility that Defendants' motion to dismiss will be granted.  Notwithstanding the fact that Defendants' dispositive motions are pending, the request to stay discovery should be denied.  Furthermore, upon close examination,

the two motions to dismiss are not, in the language of Defendants' memorandum, "thoroughly dispositive"—they are nothing more than motions to compel arbitration.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Stay Discovery, and grant such further relief as the Court deems just and proper.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By  Felicia R. Williams
            Thomas E. Douglass, #23019MO
            John S. Kingston, #51403MO
            Felicia R. Williams, #63321MO
            One US Bank Plaza
            St. Louis, Missouri  63101
            314-552-6000
            FAX 314-552-7000
            tdouglass@thompsoncoburn.com
            jkingston@thompsoncoburn.com
            fwilliams@thompsoncoburn.com

*Attorneys for Plaintiff Scottrade, Inc.*

- 8 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 18, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                    Felicia R. Williams