IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTRADE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-01710 HEA |
| VARIANT HOLDINGS, LLC, VARIANT, INC., AND STEPHEN C. WREN, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants Variant Holdings, LLC, Variant, Inc., and Stephen C. Wren hereby submit their reply brief to Plaintiff's Opposition to Defendants' Motion to Stay Discovery. In further support of their Motion to Stay Discovery, Defendants reply as follows:

**I.    There Was No Consent To Plaintiff's Premature Third-Party Discovery.**

In its opposition, Plaintiff first argues that Defendants *specifically* consented to premature third-party discovery. There is nothing in the text exchange between counsel that is indicative of a consent to conduct discovery prior to a Rule 26(f) conference. Any assertion to the contrary is creative, at best. As the actual text-exchange between counsel reveals, the condition for Plaintiff's consent to an extension of time was waiver of service on the foreign company. Defendants' counsel will avoid calling into question Plaintiff's counsel's creative spin on the wording of the text-exchange and will simply point out the obvious: there was no meeting of the minds in the agreement for an extension of time to

answer Plaintiff's Complaint.  Absent any *actual* consent to conduct early discovery—or other authorization "by [the] rules, by stipulation, or by court order"—Plaintiffs may not seek discovery prior to the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  Therefore, under the general prohibitions of Rule 26(d)(1) and this Court's inherent powers under Rule 26(c), Defendants respectfully request that this Court enter an Order protecting Defendants from Plaintiff's premature third-party discovery.

## II.     Plaintiff's Fails To Cite Binding Precedent In Support Of Its "Factors" Test

Plaintiff next argues that not one of the "factors" governing a court's decision on a motion to stay support Defendants' motion.  Plaintiff, however, cites to ***two*** cases—one from the Middle District of Florida, and one from the District of Colorado—in support of its contention that Defendants are unable to show they are entitled to a stay.  Plaintiff simply ignores the U.S. Supreme Court[1] and Eastern District of Missouri[2] cases cited by Defendants in their Memorandum supporting a stay.  Plaintiff fails to even attempt to distinguish such cases and instead urges this Court to adopt a five-part test proposed by the District of Colorado, claiming the test is this Court's Standard of Review.  Plaintiff, however, is incorrect.  This Court has already concluded that in considering a motion for stay, a court should consider the interest of judicial economy and the potential prejudice or hardship to the parties. *Toppins v. 3M Co.,* 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006) (citing *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D.Cal. 1997)).  The purpose of

---

1  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of a court's discretion); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 564 n.8 (2007) (referring to an "understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct."); *Ashcroft v Iqbal*, 129 S.Ct. 1937, 1950 (2009)(the pleading standard of the Federal Rules "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

2  *Toppins v. 3M Co.*, 2006 WL 12993 (E.D. Mo. Jan. 3, 2006) (district court has the inherent power to stay its proceedings).

a stay is to preserve the status quo of the parties. *See*, *e.g.*, *Independent Federation of Flight Attendants v. Trans World Airlines, Inc.,* 1986 WL 11501, at *2 (W.D. Mo. Oct. 14, 1986). As Defendants have stated, staying this case until the outcome of Defendants' motions to dismiss will maintain the status quo of the parties, eliminate unnecessary expense, and allow the Court to determine whether Plaintiff's Complaint is one that can survive Defendants' motions and entitle Plaintiff to the discovery it seeks.

Even if this Court were to rely on the five-part test proposed by Plaintiff, Defendant can, indeed, show that it is entitled to a stay of discovery. Plaintiff insists this Court should consider the following factors: (1) the Plaintiff's interests; (2) the burden on Defendants; (3) the convenience of the Court; (4) the interests of the third-parties; and (5) the public interest. *Gomez v. Kroll Factual Data, Inc.*, 2013 WL 1751376, at *2 (D. Colo. Apr. 23, 2013).

First, there is simply no prejudice to Plaintiff in staying discovery until the outcome of Defendants' Motions to Dismiss, which is likely to be resolved before the end of the year. Plaintiff claims, *rather dramatically*, that Defendant Stephen Wren "is attempting to hide millions of dollars" and that if a stay is granted, Wren will have "more time to hide his ill-gotten gains." Plaintiff's claims, however, are based on nothing more than bold speculation, and are on their face disparaging and inflammatory allegations of fraud, **which has not even been plead in Plaintiff's Complaint.** Plaintiff provides no evidence to support its claims of prejudice, and its inflammatory claims of fraud at this stage in the litigation are unfortunate yet notable—Plaintiff knows it would be unable to meet its burden under Fed. R. Civ. P. 9(b), because it is unable to even articulate in its brief the circumstances

surrounding Defendants' alleged fraud.  Plaintiff's claim of prejudice amounts to nothing more than inflammatory speculation and melodramatic innuendo.

 Second, there would be an actual burden on Defendants in denying the motion to stay.  Considerable time and expense would be spent conducting third-party discovery (i.e., chasing Plaintiff's third-party subpoenas, determining their validity, communicating with counsel for the third parties, motions to quash, etc.) and to say otherwise implies an unfamiliarity with the complexity and potential volume of discovery that could accrue in the time the Court will determine whether Plaintiff's Complaint is one that can even survive Defendants' motions.  This will be inconvenient and cause unnecessary expense.  A district court has broad discretion to stay discovery until preliminary questions that may dispose of the case are determined of for good cause, such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions. *See, e.g., Fujita v. United States*, 416 Fed. Appx. 400, 402 (5th Cir. 2011) (citations omitted).

 Third, denying a stay would absolutely be inconvenient to not only this Court, but other federal courts across the country.  Federal courts would be be required to issue numerous third-party subpoenas, and perhaps unnecessarily in light of the fact that such third-party discovery would be conducted during the time this Court will be determining whether Plaintiff's Complaint is one that can even survive Defendants' motions.  This is an unnecessary inconvenience on our already clogged federal court system, and one that can wait until the resolution of Defendants' motions.

 Fourth, the third-parties will also be inconvenienced and in a manner not unlike

Defendants' counsel (i.e., reviewing Plaintiff's third-party subpoenas, determining their validity, searching for documents sought, communicating with counsel, motions to quash, etc.), and to say otherwise implies an unfamiliarity with the complexity and potential volume of discovery that could accrue in the time the Court will be determining whether Plaintiff's Complaint is one that can even survive Defendants' motions. Again, this will be inconvenient and cause unnecessary expense.

Finally, the public has an interest in maintaining the confidentiality of settlement agreements. Forcing third-parties to disclose the terms of their agreements before it has been ascertained whether or not Plaintiff's Complaint is one that can even survive Defendants' motions is not only unnecessary, it flies in the face of the purpose behind maintaining the confidentiality of such agreements. The parties to the settlement agreements mutually agreed that the terms of the agreements would remain confidential, and to force disclosure of such terms before knowing whether Plaintiff's claims are should be before this Court would be unreasonable, unjustified, and contrary to the public interest. Accordingly, a stay of discovery in this case is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.

### III. Plaintiff's Case Law Provides No Basis For Extensive Third-Party Discovery Prior To The Resolution Of Defendants' Motions To Dismiss.

Plaintiff again relies on the District of Colorado's decision in *Gomez* to support its contention that discovery should not be stayed. Plaintiff claims *Gomez* is on point, stating:

> After acknowledging the plaintiff's interest in proceeding expeditiously with the litigation, the district court was unconvinced that the defendant would face

> a significant burden by proceeding with discovery. . . Because the defendant 'simply move[d] to dismiss Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6),' the district court concluded that '[g]ranting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss.' *Id.*

(Plaintiff's Opposition to Defendant's Motion to Stay, p. 6).

Plaintiff admits that the *Gomez* decision was based upon a motion for failure to state a claim, but ignores the fact that Defendants' Motions alternatively ask the Court to compel arbitration pursuant to a binding arbitration clause in the License Agreement. This was not the case in *Gomez*. In fact, *Gomez* is a one-page decision that contains no facts or background information about the parties that would enable Plaintiff to conclude the case was comparable to the issues before the Court.

The other case cited by Plaintiff in support of its contention that pending motions provide no basis for a stay is from the Middle District of Florida. A*ve Maria Univ. v. Sebelius,* 2012 WL 3128015 (M.D. Fla. July 31, 2012). In *Sebelius*, the Plaintiff filed a Complaint challenging the Patient Protection and Affordable Care Act of 2010's Regulatory Mandate requiring group health plans to provide coverage for women's preventative care and screenings without cost sharing, which the Plaintiff contended violated their religious beliefs. Defendants moved to stay discovery, and the court noted that they incorrectly relied on the general proposition that discovery should be stayed until a pending motion to dismiss is resolved. *Id.* (citing *Chadsuma v. Mazda Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). The court stated "Chadsuma and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (citations omitted). Because there were other similarly situated

plaintiffs, the court denied the motion to stay, concluding that defendant would have to conduct discovery on the issues whether or not they succeeded on their motion to dismiss. *Id.*

Here, there is one plaintiff and Defendants are not burdened with the responsibility of conducting nearly identical discovery in numerous other cases, nor will they be required to conduct discovery on the issue in this case whether or not they succeed on their motions to dismiss. *Sebelius* is simply not on-point, and despite Defendants' reliance on binding cases that Plaintiff chose not to distinguish, Plaintiff failed to provide this Court with any binding authority in support of its contention that Defendants have no basis for a stay. This Court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined or for good cause, such as a finding that discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.

WHEREFORE, Defendants request that the Court, under the general prohibitions of Rule 26(d)(1) and this Court's inherent powers under Rule 26(c), enter an Order protecting Defendants from Plaintiff's premature third-party discovery, award movants their costs in defending this action, including reasonable attorney's fees, and grant such other and further relief as the Court may deem just and proper.

Dated:  November 25, 2013				Respectfully submitted,


						/s/  Bridget L. Halquist
						Bridget L. Halquist, 50317MO
						CHACKES CARLSON & HALQUIST, LLP
						906 Olive Street, Suite 200
						St. Louis, Missouri 63101
						Tel:  (314) 880-4472
						Fax:  (314) 872-7017
						bhalquist@cch-law.com

						**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby that on November 25, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon the following:

Thomas E. Douglass
John S. Kingston
One US Bank Plaza
St. Louis, Missouri 63101
tdouglass@thompsoncoburn.com
jkingston@thompsoncoburn.com

**ATTORNEYS FOR PLAINTIFF**

I also hereby certify that on November 25, 2013, the foregoing was mailed by United States Mail to any non-participants in Electronic Case Filing.

/s/  Bridget L. Halquist