UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTRADE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13CV1710 HEA ) |
| VARIANT, INC. and STEPHEN C. WREN, | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or Compel Arbitration, [Doc. No. 17]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied..

## Facts and Background[1]

Plaintiff brought this action against Defendants Variant Holdings, LLC, Variant, Inc and Stephen Wren alleging a breach of contract against Variant Holdings, (Count I) and a tortious interference with contract against Wren and Variant, Inc., (Count II). On November 22, 2013, Plaintiff voluntarily dismissed its claims against Defendant Variant Holdings, LLC, without prejudice. Thus the only remaining claim is the tortious interference with contract against Wren and

---

[1] The recitation of facts is taken from the pleadings herein and is set forth for the purposes of Opinion only. The recitation of facts in no way relieves the parties of any necessary proof of the facts in later proceedings.

Variant, Inc.

Defendants move to dismiss or alternatively to compel arbitration. Defendants argue that because Plaintiff sued Defendants Variant, Inc and Stephen Wren for engaging in wrongful conduct on behalf of Variant Holdings, LLC, a cause of action cannot be maintained against them on a tortious interference theory. Alternatively, Defendants urge the Court to compel arbitration under an arbitration provision in the contract between Plaintiff and Variant Holdings, LLC.

## **Discussion**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert.

denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Supreme Court of Missouri[2] has recently reiterated the elements of a tortious interference of contract claim. To state

> a claim for tortious interference with a contract or business expectancy, the plaintiff must demonstrate: (1) a contract or a valid business expectancy; (2) the defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct. *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 19 (Mo. banc 2012). "Absence of justification refers to the absence of a legal right to justify actions taken." *Id*. at 20 (quoting *Downey v. McKee*, 218 S.W.3d 492, 497 (Mo.App.W.D.2007)). If the defendant has a legitimate interest, economic or otherwise, in the expectancy the plaintiff seeks to protect, then the plaintiff must show that the defendant employed improper means in seeking to further only his or her own interests. *Id*. "Improper means are those that are independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law." *Id*. (*quoting Stehno v. Sprint Spectrum, L.P.*, 186 S.W.3d 247, 252 (Mo. banc

---

[2] The parties do not dispute that the substantive law of Missouri applies in this diversity of citizenship case.

> 2006)). Moreover, "[a]n action for tortious interference with a business expectancy will lie against a third party only." *Zipper v. Health Midwest*, 978 S.W.2d 398, 419 (Mo.App.W.D.1998). "Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." *Id*.

*Farrow v. Saint Francis Medical Center*, 407 S.W.3d 579, 602 (Mo. 2013).

Defendants argue that because Plaintiff has alleged that Wren controlled both Variant, Inc. and Variant Holdings, and that Wren was the only known owner, officer or employee of either, there can be no tortious interference claim against them because one cannot tortiously interfere with a contract to which that person or entity is a party.

Plaintiff argues that this claim is brought against Wren and Variant, Inc. based not on actions taken on behalf of Variant, LLC, rather on individual and independent actions. Indeed, Plaintiff alleges that both Defendants intentionally interfered with Variant Holdings, LLC's performance under the License Agreement by causing Variant Holdings to enter into a separate agreement with Variant, Inc. Clearly, the Motion to Dismiss should be and, therefore, will be denied.

Alternatively, Defendants urge the Court to stay this action and compel arbitration. Admittedly, there is an arbitration provision in the contract between

Plaintiff and Variant Holdings, LLC. Defendants Wren and Variant, Inc. are not signatories to the contract which contains the arbitration clause. Defendants argue, however, that because the issues are inextricably intertwined with the contract between Plaintiff and Variant Holdings, Plaintiff should be required to arbitrate with them. Defendant's argument <u>does not</u> survive under Missouri law.

The Supreme Court of Missouri in *Dunn Industrial Group, Inc. v. Lafarge Corp.*, 112 S.W.3d 421 (Mo.2003), found a third party guarantor could not be bound by an agreement to arbitrate in a construction contract to which it was not a signatory, where the contract to which it was a signatory did not incorporate the arbitration provision of the construction contract. *Id.* at 435. The court noted,

> [a]rbitration is a matter of contract, and a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate. As such, a guarantor who is not a signatory to a contract containing an arbitration clause is generally not bound by the arbitration clause. However, in a majority of state courts, including Missouri, due to the strong federal policy in favor of arbitration, arbitration agreements are enforced against guarantors or sureties where the arbitration agreement is incorporated by reference into the guaranty or performance bond.

*Id.*

Defendants argue Plaintiff should be estopped from disclaiming the

obligation to arbitrate because its claims are inextricably intertwined with any claims Plaintiff might bring against Defendants and because Defendants are associated with Variant Holdings, LLC. The *Dunn* court considered a similar argument and rejected outright the idea that a nonsignatory could be bound to an arbitration agreement under an estoppel theory. In distinguishing cases in which arbitration agreements were enforced on a theory of estoppel, the court stated,

> [t]hese cases, which held that arbitration between a signatory and nonsignatory was required based on an estoppel theory, are, however, distinguishable from the instant case. In those cases, signatories to contracts containing an arbitration agreement were estopped from avoiding arbitration with nonsignatories when the issues the nonsignatories were seeking to resolve in arbitration were *913 intertwined with the agreement signed by the signatory. Conversely, in this case, LaFarge, a signatory to the construction contract seeks to compel Dunn, a nonsignatory, to arbitrate its claims ... under the guaranty. A party cannot be required to arbitrate a dispute that it has not agreed to arbitrate. Dunn is not a signatory to a contract containing an arbitration clause. At no point did Dunn indicate a willingness to arbitrate any disputes with Lafarge.

*Id*. at 436. The court also found the estoppel cases were based on actions inextricably intertwined with the contract containing the arbitration agreement, not the collateral contract sought to be enforced. *Id*. at 436–37.

The Missouri court rejected the idea that inextricability of facts permitted the court to compel arbitration where the nonsigning party had not agreed to

arbitration in some way in its own right.

The Court is not required to compel Plaintiff to arbitrate its claims against these Defendants. Plaintiff did not agree in writing or otherwise to arbitrate claims with them and cannot be compelled to do so. *Bank of America, N.A. v. UMB Financial Services, Inc. Bank of America, N.A. v. UMB Financial Services, Inc.*, 618 F.3d 906, 912- (8th Cir 2010).

## Conclusion

Defendants have failed to demonstrate that Plaintiff cannot state a claim against them under a theory of tortious interference with contract. The Motion to Dismiss is, therefore, denied. Because Defendants are not signatories to the arbitration provision in the contract between Plaintiff and Variant Holdings, LLC, they cannot compel Plaintiff to arbitrate its claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or to Compel Arbitration, [Doc. No. 17], is **DENIED** in toto.

Dated this 31st day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE