UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTRADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1710 RLW |
| | ) | |
| VARIANT, INC., and | ) | |
| STEPHEN C. WREN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiff Scottrade, Inc.'s Second Motion to Compel

(ECF No. 63), Motion for Sanctions for Defendants' Failure to Comply with this Court's Order

of May 15, 2014 (ECF No. 65) and Motion for Leave to File its First Amended Complaint (ECF

No. 64). The Court held a hearing on the motions on October 29, 2014 and took the motions

under submission. Upon review of the motions and related memoranda and exhibits, and upon

consideration of the oral arguments advanced at the hearing, the Court will deny Plaintiff's

Motion to Compel and Motion for Sanctions and grant Plaintiff leave to file a First Amended

Complaint.

## Background

This case stems from an alleged contract between Plaintiff Scottrade, Inc. and Defendants

Variant Holdings. Defendant Stephen Wren is the inventor of certain new and useful

improvements in a system for electronically communicating between remote facilities and for

facilitating transactions between central and remote facilities. (Compl. ¶ 8, ECF No. 1) These

inventions are the subject of three patents ('514, '044, and '900). (*Id.*) In November of 2000,

Wren assigned his intellectual property rights in the Inventions to Variant Holdings, LLC. (*Id.* at

¶ 9)  Also in November 2000, Scottrade entered into a license agreement with Variant Holdings

to form a company for the purpose of exploiting patent rights and know how associated with the

Inventions.  (*Id.* at ¶ 10)

According to Plaintiff, however, Wren secretly formed a corporation in 2008 called

Variant, Inc., in order to avoid his contractual obligations under the license agreement and keep

the financial value in the Intellectual Property Rights to himself.  (Compl. ¶¶ 22-23, ECF No. 1)

Wren granted an exclusive license for the Intellectual Property Rights to Variant, Inc., which

then became the exclusive licensee of patents '044 and '900 with rights to enforce the patent and

sue alleged infringers.  (*Id.* at ¶¶ 24-26)  Shortly thereafter, Variant, Inc. began filing numerous

lawsuits against a variety of entities for infringement of the '044 and '900 patents.  (*Id.* at ¶ 28)

Plaintiff maintains that Variant, Inc. obtained in excess of a million dollars in settlement

payments, which Plaintiff was entitled to.  (*Id.* at ¶ 29)  Plaintiff learned of the lawsuits when a

defendant in one of the infringement actions subpoenaed Plaintiff Scottrade.  (*Id.* at ¶ 30)

Defendants contend that the licensing agreement between Plaintiff and Variant Holdings, LLC

terminated in 2005.

On August 30, 2013, Plaintiff filed a Complaint alleging Breach of Contract against

Variant Holdings, LLC (Count I) and Tortious Interference with Contract against Wren and

Variant, Inc. (Count II).  The Court dismissed without prejudice Defendant Variant Holdings,

LLC, on November 25, 2013, pursuant to Plaintiff's notice of voluntary dismissal.

On April 11, 2014, Plaintiff filed a motion to compel responses to its Second Request for

Production, which sought settlement agreements and financial documents pertaining to the

settlement of infringement suits.  (Pl.'s Mot. to Compel ¶ 5, ECF No. 45; Pl.'s Second Mot. to

Compel ¶ 13, ECF No. 63)  On May 15, 2014, after a hearing, Judge Autrey issued an order from

the bench and accompanying docket text order requiring Defendants to comply with the discovery requests within 20 days.  (ECF Nos. 49, 50)  On August 15, 2014, Plaintiff filed a Second Motion to Compel, seeking responses to its Fourth Request for Production.  These discovery requests seek copies of Variant, Inc.'s and Wren's tax returns from 2008 to present. Plaintiff asserts that Variant has failed to produce at least 19 settlement agreements with alleged infringers and that copies of the tax returns would allow Plaintiff to confirm whether Variant has complied with the Court's prior discovery order or whether Variant is concealing additional settlement proceeds.  (Pl.'s Second Mot. to Compel ¶¶ 15-16, ECF No. 63)

Also on August 15, Plaintiff filed a Motion for Sanctions for Defendants' Failure to Comply with this Court's Order of May 15, 2014, alleging that Defendants failed to produce settlement agreements from 19 defendants.  Plaintiff requests that Defendants comply with its discovery requests; pay an amount sufficient to pay Plaintiff's costs, including attorney's fees, of issuing and enforcing subpoenas directed to the settling defendants; or prohibiting Defendants from offering at trial any evidence regarding Plaintiff's damages or contesting estimated settlement amounts from the 19 entities.  (ECF No. 65)  Additionally, Plaintiff seeks to file an Amended Complaint, adding new counts and facts.  (ECF No. 64)  The proposed Amended Complaint alleges Alter Ego Liability (Count I) between Wren, Variant Holdings, LLC, and Variant, Inc.; Tortious Interference with Contract (Count II); Unjust Enrichment (Count III); Constructive Trust (Count IV); and Action to Enforce Arbitration Award (Count V).

## Discussion

## Plaintiff's Motion to Compel

Plaintiff's Fourth Request for Production asks for copies of all state and federal tax returns for Variant, Inc. and Stephen C. Wren from 2008 to present.  Defendants have objected to

the production of these documents because the request is burdensome, seeks information not relevant, and the documents are protected by privilege. Plaintiff, however, seeks the tax information to determine the settlement amounts disclosed on the tax returns that Defendants did not disclose in response to the Second Request for Production. Plaintiff contends that the information is relevant to the issue of damages. Defendants continue to maintain that they have already provided the information sought, and Plaintiff could obtain the information from other sources. Defendants argue that Plaintiff seeks the confidential tax information to annoy, embarrass, or oppress defendants and are thus protected by qualified privilege.

Courts in this district have held that tax returns are discoverable. A party seeking disclosure of tax returns must show: (1) the information is relevant; and (2) there is a compelling need for the disclosure because the information is not otherwise readily obtainable. *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964); *see also Sowers v. Gatehouse Media Missouri Holdings, Inc.*, No. 4:08CV633 TIA, 2009 WL 1106946, at *2 (E.D. Mo. April 23, 2009) (noting that most courts apply a two-part test in determining whether disclosure is appropriate). While the moving party has the initial burden of showing that the tax returns are relevant, the opposing party has the burden of proving that the tax returns are readily obtainable from another source. *PSK, LLC v. Hicklin*, No. C09-0105, 2010 WL 2710507, at *2 (N.D. Iowa July 8, 2010).

Here, Plaintiff has demonstrated that the information is relevant, as the returns would show the settlement amounts Defendants received and would bear on the issue of damages. Defendants assert that Plaintiff already has the settlement information in its possession and claims that the 19 additional cases resulted in dismissal without prejudice, as well as no payment to Defendants. Plaintiff notes that Wren refuses to confirm in writing that he complied with the

4

order.  During the hearing, however, counsel for Defendants indicated that Wren may be amenable to signing an affidavit regarding his compliance.

The Court notes that the information Plaintiff seeks is the amount of proceeds Defendants received through patent infringement litigation and, as raised during the hearing before the undersigned, demands made prior to pursuing litigation.  While the tax returns would show these amounts, Plaintiff can obtain this information by less-intrusive means such as interrogatories and depositions.  Indeed, Plaintiff acknowledged that it had not asked Defendants through interrogatories whether Wren received payments pursuant to demand letters threatening suit.  "As a general rule, courts do not favor compelling production of tax returns.  *PSK, LLC v. Hicklin*, 2010 WL 2710507, at *2.  Because, at this point, the payments received through patent infringement settlements resulting from litigation and threats of litigation are readily obtainable from other sources, Plaintiff has not shown a "compelling need" for production of Defendants' tax returns.  *Id.*  Therefore, the undersigned will deny Plaintiff's Second Motion to Compel.

### Plaintiff's Motion for Sanctions

Plaintiff also requests that this Court issue sanctions against Defendants based on its failure to comply with the Court's order of May 15, 2014.  Defendants, however, contend that they have provided all requested information and that the other entities have been dismissed without prejudice.  Plaintiff seeks: 1) an order directing Variant to produce true and correct copies of the settlement agreements pertaining to the 19 defendants, as well as attorney's fees for bringing this motion; or 2) $5,000 per defendant, or a total of $95,000 to be deposited into the Court registry, for anticipated costs of securing the settlement agreements through alternate means; and 3) if Variant fails to produce the requested documents, a court order foreclosing Variant from offering evidence concerning Plaintiff's damages and from challenging or

contesting Plaintiff's estimates of the 19 settlements.  (Pl.'s Mot. for Sanctions pp. 6-7, ECF No. 65)

Federal Rule of Civil Procedure 37(b) permits a court to issue sanctions where a party fails to obey a discovery order.  Here, Plaintiff argues that Defendants failed to obey Judge Autrey's Order of May 15, 2014 because they did not produce all documents or electronically stored information evidencing any payments made to Defendants in any way related to Variant, Inc.'s enforcement of patent rights.  As stated above, Plaintiff did not advance this argument in its original motion to compel or motion for sanctions.  Plaintiff does rely upon this argument in its combined reply memorandum.  However, Defendants indicated during oral arguments that, while Judge Autrey granted the motion to compel from the bench and in a docket text order, the arguments centered on the production of settlement documents and payments, and not demand letters or threats of patent infringement litigation.  Although the Court could delay this ruling by ordering a transcript of the hearing, the Court is satisfied that the discovery sought in the first motion to compel pertained to settlement agreements.  Further, Plaintiff's own Motion for Sanctions indicates that "Scottrade requested that Variant produce copies of all settlement agreements they had made to resolve patent infringement claims Variant, Inc. had asserted based on certain patents" and proceeds to list the 19 specific entities from which it seeks such agreements.  (Pl.'s Mot. for Sanctions ¶¶ 1, 4, ECF No. 65)  Additionally, Plaintiff acknowledges in its Motion to Compel that Judge Autrey ordered Variant "to produce copies of the settlement agreements within 20 days."  (Pl.'s Mot. to Compel ¶ 14, ECF No. 63)

Therefore, the Court finds that sanctions for failure to comply with the May 15, 2014 Order are not warranted at this time.  To the extent that Plaintiff now seeks documents or electronically stored information demonstrating payments that are not a result of patent

6

infringement litigation settlements, Plaintiff may specifically request this information through interrogatories or additional requests for production.

## Plaintiff's Motion to Amend

Plaintiff seeks to amend and add new facts and claims to its Complaint, including allegations of Alter Ego Liability (Count I) between Wren, Variant Holdings, LLC, and Variant, Inc.; Tortious Interference with Contract (Count II); Unjust Enrichment (Count III); Constructive Trust (Count IV); and Action to Enforce Arbitration Award (Count V). Plaintiff contends that it has been diligent in this case and that Defendants will not be prejudiced based on the Amended Case Management Order ("CMO").[1] Defendants object because the proposed Amended Complaint does not contain sufficient, new facts. Further, Defendants claim that the new theories of recovery were available to Plaintiff based on the original facts pled and that Plaintiff has failed to show good cause under Fed. R. Civ. P. 16(b) for not raising these new theories prior to the deadline set forth in the original CMO and for waiting 6 months to request leave to amend.

Because the case is now assigned to Track 3 by consent of the parties, and Plaintiff argues that discovery after the deadline for amending pleadings has led to the new facts and counts, the Court finds that Plaintiff has demonstrated good cause. *See, e.g., Cowden v. BNSF Ry. Co.*, No. 4:08CV1534 ERW, 2013 WL 1282248, at *6 (E.D. Mo. March 26, 2013) (allowing Plaintiff to file a First Amended Complaint where the complaint conformed to the evidence); *but see Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008) (finding the district court abused its discretion in allowing an amended answer where there were no newly discovered facts or other changed circumstance after the scheduling deadline for amending pleadings). Further, Plaintiff has been diligent in this case in attempting to meet the CMO's

---

[1] The discovery deadline is now April 1, 2015, and dispositive motions are not due until May 15, 2015. The trial is set for August 31, 2015. (Am. Case Management Order, ECF No. 80)

requirements. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (noting that the primary measure of good cause is the moving party's diligence in attempting the meet the requirements of the Case Management Order). With the discovery deadlines and the trial date extended, the undersigned also finds that Defendants will not be prejudiced by the filing of the Amended Complaint. Therefore, the Court will grant Plaintiff leave to file its Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Scottrade, Inc.'s Second Motion to Compel (ECF No. 63) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Scottrade, Inc's Motion for Sanctions for Defendants' Failure to Comply with this Court's Order of May 15, 2014 (ECF No. 65) is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File its First Amended Complaint (ECF No. 64) is **GRANTED**. The Clerk of the Court shall file Exhibit A attached to Plaintiff's motion (ECF No. 64-1) as Plaintiff's Amended Complaint.

Dated this ___30th___ Day of October, 2014.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE